UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JACQUELINE FERNANDEZ, *on behalf of herself*   :
*and all others similarly situated,*                              :
                                                                        :
       Plaintiffs,  :   25-CV-01837 (JAV)
                                                                        :
   -v-         :   <u>OPINION AND ORDER</u>
                                                                        :
CUDDLE CLONES, LLC,                                          :
                                                                        :
       Defendant.  :
                                                                        :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Jacqueline Fernandez ("Fernandez" or "Plaintiff") brings this action on behalf of herself and others similarly situated against Defendant Cuddle Clones, LLC ("Cuddle Clones" or "Defendant"). ECF No. 9 ("Am. Compl."), ¶ 1. Fernandez alleges that she is a legally blind Manhattan resident and therefore a member of a protected class under the Americans with Disabilities Act ("ADA"). *See id.*, ¶¶ 14-15. She seeks an order for permanent injunctive relief against Defendant to bring their online storefront into compliance with the ADA, so that she and others may access their website. *Id.*, ¶ 6.

Before the Court is Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 11. Defendant primarily argues that Plaintiff lacks standing to bring this action. ECF No. 11-1 ("Def. Br.") at 10-16, 22-23. Defendant also asserts that this action is moot because Cuddle Clones has always had the accessibility features that Plaintiff alleges are

missing. *Id.* at 16-20, 24. Finally, Defendant argues that Plaintiff's action should be dismissed for failure to state a claim. *Id.* at 20-22, 24.

As the Court is unable to determine on the current evidentiary record whether Plaintiff has standing, the Court is ordering jurisdictional discovery and an evidentiary hearing on this issue. Consideration of Plaintiff's motion to dismiss for failure to state a claim is deferred until the question of subject matter jurisdiction is resolved.

## BACKGROUND

### A.    The Americans with Disabilities Act

The ADA protects classes of disabled individuals from discrimination in areas of public accommodation. 42 U.S.C. § 12182(a). Under the ADA, discrimination occurs where a person is denied equal participation in a public accommodation on the basis of a disability. 42 U.S.C. § 12182(b)(1)(A)(i). In such cases, the Court is authorized to order injunctive relief, which may include, *inter alia*, modification of facilities to accommodate the discriminated individuals. 42 U.S.C. § 12188(a)(2).

Concerning web content specifically, ADA implementing regulations require conformity with Web Content Accessibility Guidelines ("WCAG") 2.1 for public entities, such as local governments, beginning in 2026. 28 C.F.R. § 35.200(b) (2024). Current Department of Justice guidance suggests that companies with websites of public accommodation should presently either follow WCAG accessibility standards or provide a reasonable alternative. 28 C.F.R. pt. 36, app. A (2024).

### B.    Factual Allegations

Cuddle Clones is an online-only storefront (located at www.cuddleclones.com) which holds itself out as a purveyor of custom plush figures and other pet-related merchandise. *See* ECF No. 17-1 ("Lehrich Aff."); Am. Compl., ¶ 25. Cuddle Clones is "renowned for creating custom stuffed animals that look exactly like people's pets . . . [i]n addition to . . . other custom pet products[.]" Am. Compl., ¶ 48.

Plaintiff alleges she visited the Cuddle Clones website to "purchase a pet toy" to help her bond with her dog. *Id.*, ¶¶ 47, 49. Plaintiff alleges she found the Cuddle Clones website through a Google search. *Id.*, ¶¶ 25, 48. Plaintiff claims that she attempted to purchase a Cuddle Clone on June 14, 2024, but Defendant's noncompliance with accessibility requirements under the ADA actively prevented her from doing so. *Id.*, ¶¶ 49-56.

Plaintiff uses "screen-reader" software, which ADA compliant websites are designed to be compatible with, rendering the visual, on-screen information into text so it can be read aloud. *Id.*, ¶¶ 36-40, 59. The Amended Complaint alleges that the Cuddle Clones online storefront has a number of features that render the site inaccessible, including (1) a lack of alternative text for non-text or image content, (2) missing menu elements, like navigation controls, and (3) poor, non-descriptive labeling of fields on the check-out screen. *Id.*, ¶¶ 49-56. Plaintiff alleges that these barriers deny her and others similarly situated the ability to use Defendant's website as others would. *Id.*, ¶¶ 56, 58-59.

## LEGAL STANDARDS

3

When deciding a motion under Rule 12(b)(1), the Court may consider evidence outside the pleadings, including affidavits and declarations.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Where a defendant presents extrinsic evidence which controverts a plaintiff's allegations regarding the existence of subject matter jurisdiction, the Court does not limit its review to the allegations in the complaint.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016).  Rather, "in opposition to such a motion, the plaintiff will need to come forward with evidence controverting that presented by the defendant[.]"  *Lugo v. City of Troy, New York*, 114 F.4th 80, 87 (2d Cir. 2024) (cleaned up); *see also Cangemi v. United States*, 13 F.4th 115, 132 (2d Cir. 2021) ("After the United States presented this evidence supporting its motion to dismiss, it was *Plaintiffs'* burden to come forward with evidence supporting their assertion of jurisdiction.").

"If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision" regarding subject matter jurisdiction.  *Carter*, 822 F.3d at 57.  If necessary, a district court must hold an evidentiary hearing to resolve controverted issues of fact that bear on subject matter jurisdiction.  *Nam v. Permanent Mission of Republic of Korea to United Nations*, 118 F.4th 234, 245 (2d Cir. 2024).

Ultimately, the plaintiff has the burden of demonstrating by a preponderance of the evidence that standing exists, although the manner and degree of evidence required to make this showing depends upon the stage of the litigation.  *See Carter*, 822 F.3d at 56 (stating that the evidentiary burden for standing gradually increases

4

"with the manner and degree of evidence required at the successive stages of the litigation."); *cf. Makarova*, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists [at the motion-to-dismiss stage].").

## DISCUSSION

### A.    Article III Standing and Mootness in the ADA Context

The jurisdiction of the Court is limited to actual cases and controversies; any plaintiff who does not present an actual case or controversy lacks standing.  U.S. CONST., ART. III; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  To establish standing, a plaintiff must demonstrate (1) an injury-in-fact that is (a) concrete, particularized, and (b) actual or imminent; (2) a causal connection between the injury and the conduct at issue; and (3) a likelihood of redressability by a favorable decision from the Court.  *Id.*

In accessibility challenges brought under the ADA, standing exists where (1) the plaintiff alleges past injury under the ADA; (2) it is reasonable to infer such discriminatory treatment will continue; and (3) it is reasonable to infer that the plaintiff, based on their past visits and physical proximity, intends to return to the subject location.  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008).  A plaintiff need not attempt to overcome an obvious barrier to have been injured-in-fact by that barrier; the barrier's deterrence is sufficient.  *Kreisler*, 731 F.3d at 188.

"Mootness is standing set in a time frame." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 67 (2d Cir. 2023) (cleaned up).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (cleaned up).  "The doctrine of standing generally assesses

6

whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021).

In the APA website context, a defendant can demonstrate that no effective relief can be granted, and thus an action is moot, if the defendant meets the "formidable burden of demonstrating that it is absolutely clear the alleged wrongful behavior could not reasonably be expected to recur" because the website in question was brought into ADA compliance prior to the initiation of the suit and the defendant sets forth a plan for keeping the website in compliance in the future. *See Diaz v. Kroger Co.*, No. 18-CV-7953 (KPF), 2019 WL 2357531, at *2-5 (S.D.N.Y. June 4, 2019) (cleaned up).

## B.    Application

Defendant contends that this court lacks subject matter jurisdiction over this action both because Plaintiff's claims are moot and because she lacks standing. The Court denies the motion to dismiss on mootness grounds. The standing issues that Defendant has raised are more substantial, however, and cannot be resolved on the current record.

### 1.    Mootness

With respect to mootness, Defendant argues that the accessibility barriers identified in the Amended Complaint did not exist at the time Plaintiff attempted to make her purchase and do not exist now. Def. Br. at 18. In support of this contention, Defendant submits the Affidavit of the Chief Executive Officer of Cuddle

Clones, Kelcey Lehrich, who avers that the Cuddle Clones website is compatible with screen-reading software and is compliant with WCAG 2.1 accessibility standards. Lehrich Aff., ¶¶ 9-14. The Lehrich Affidavit restates various paragraphs of the Amended Complaint detailing the accessibility barriers Plaintiff purportedly faced and states that each of the allegations contained therein are false. *Id.*, ¶¶ 14-25. Defendant argues that, since no effectual relief can be granted, this matter is therefore moot. Def. Br. at 16-20.

Yet Defendant conflates mootness with a challenge to the merits of Plaintiff's claim. Defendant is not claiming that it undertook to voluntarily cease the allegedly illegal activity after Plaintiff suffered injury. *See Diaz*, 2019 WL 2357531, at *2 ("The voluntary cessation of allegedly illegal activity may render a case moot if the defendant can demonstrate that [i] there is no reasonable expectation that the alleged violation will recur and [ii] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." (cleaned up)). Rather, Defendant's papers essentially seek to call into question Plaintiff's credibility, arguing that the accessibility barriers she identifies in her Complaint never existed and that she never visited their website in the first instance. Lehrich Aff., ¶ 12 ("it can be assumed that [Plaintiff] never actually visited the site"). It would not be appropriate for the Court to make findings on the merits of Plaintiff's complaint in the guise of resolving a jurisdictional challenge. Accordingly, the Court denies the motion to dismiss on mootness grounds.

### 2.    Standing

Plaintiff's allegations of standing are facially sufficient to satisfy Rule 12(b)(1)'s standing requirements.  Plaintiff establishes herself as a legally blind person who requires screen-reading software to use a computer and who has attempted "multiple times, most recently on June 14, 2024" to access the Cuddle Clones website.  Am. Compl., ¶ 45.  Cuddle Clones, per Plaintiff, "offers products and services for online sale and general delivery to the public."  *Id.*, ¶ 43.  Plaintiff alleges that she visited the Cuddle Clones website to "purchase a pet toy" to share with her dog.  *Id.*, ¶ 47.  She claims that because of (1) a lack of alternative text for non-text or image content, (2) missing menu elements, like navigation controls, and (3) poor and non-descriptive labeling of fields on the check-out screen, she was unable to complete her purchase.  *Id.*, ¶¶ 27, 49-59.  Plaintiff alleges that she intends on returning to complete her purchase after the website is properly remediated to allow for use by a visually impaired consumer.  *Id.*, ¶ 28. Accordingly, Plaintiff's complaint, on its face, does allege a plausible injury tied directly to Defendant's conduct.

In support of its motion to dismiss, however, Defendant has adduced evidence undercutting the plausibility of the allegations pertaining to standing.  In particular, the Lehrich Affidavit attacks Plaintiff's characterization of the Cuddle Clones website.  Lehrich Aff., ¶¶ 14-25.  While Plaintiff alleges that she was in the market for an interactive pet toy that would allow her to spend "quality time with

her dog," Am. Compl., ¶¶ 24, 29, Defendant asserts that it does not sell pet toys, Lehrich Aff., ¶ 3. Rather, it sells pet-related merchandise for use by humans. *Id.* Moreover, the specific item that Plaintiff alleges she sought to purchase is not a pet toy at all, but a custom replica of a person's pet that retails for $229 to $379. ECF No. 11-4 at 3.

Perhaps more concerningly, Plaintiff has filed substantially identical complaints in a number of actions brought in this District. Defendant specifically points out *Fernandez v. Dickinson Brands, Inc.*, 25-CV-1817 (LJL) (S.D.N.Y.); *Fernandez v. C P Shades, Inc.*, 25-CV-1819 (MMG) (S.D.N.Y.); and *Fernandez v. Gainful Health, Inc.*, 25-CV-2696 (AS) (S.D.N.Y.). Def Br. at 15. The Court's own search identified at least fifty-seven cases brought by Plaintiff suing the operators of various websites.

While the volume of cases is not itself an issue, *see Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 n.3 (2d Cir. 2022) ("The law is clear that testers can have standing[.]"), the pattern revealed by an examination of those complaints raises serious questions regarding Plaintiff's sincerity in desiring to purchase the items at issue. In the same four-day period that Plaintiff sought to purchase a Cuddle Clone, Plaintiff also allegedly attempted to purchase dietary supplements and

10

vitamins,[1] clothes,[2] running shoes,[3] radios[4], turntables,[5] laptops,[6] bath towels,[7] a wedding figurine and matching gift box[8], flowers,[9] and a solar generator.[10]  All told, Plaintiff's unexplained shopping spree resulted in twenty-two cases.  Moreover, Fernandez has filed at least thirty-five other similar cases.  *See Fernandez v. Buffalo Jackson Trading Co., LLC*, No. 24-CV-4878 (JPC), 2025 WL 1101478, app. A (S.D.N.Y. Apr. 14, 2025).

Invariably, these complaints use the same format.  Each complaint states that Fernandez found the challenged website and product through an online search

---

[1] *Fernandez v. Econugenics, LLC,* 24-CV-5638 (AS) (S.D.N.Y.); *Fernandez v. Natals, Inc.,* 24-CV-5637 (KPF) (S.D.N.Y.); *Fernandez v. Vanilla Chip, LLC,* 24-CV-5639 (S.D.N.Y.); *Fernandez v. Konscious, LLC,* 24-CV-5826 (DEH) (GS) (S.D.N.Y.).

[2] *Fernandez v. Mun. Apparel Co., LLC,* 24-CV-5629 (LJL) (S.D.N.Y.).

[3] *Fernandez v. Spartan Race, Inc.,* 24-CV-10046 (JPC) (S.D.N.Y.).

[4] *Fernandez v. Lego Brand Retail, Inc.,* 24-CV-5827 (ALC) (S.D.N.Y.); *Fernandez v. Nabfly, Inc.,* 24-CV-10022 (KPF) (S.D.N.Y.); *Fernandez v. Sound Approach, LLC,* 25-CV-00015 (ALC) (OTW) (S.D.N.Y.).

[5] *Fernandez v. Audio Advice, Inc.,* 24-CV-10044 (ER) (S.D.N.Y.).

[6] *Fernandez v. Joy Systems, Inc., LLC,* 24-CV-5635 (JPO) (S.D.N.Y.); *Fernandez v. Corsair Memory, Inc.,* 24-CV-7236 (ER) (S.D.N.Y.); *Fernandez v. Dell Technologies, Inc.,* 25-CV-00016 (VSB) (BCM) (S.D.N.Y.); *Fernandez v. E & S Int'l Enter., Inc.,* 25-CV-00593 (PAE) (BCM) (S.D.N.Y.); *Fernandez v. HP, Inc.,* 25-CV-00596 (RA) (S.D.N.Y.); *Fernandez v. Monoprice, Inc.,* 25-CV-00599 (PAE) (HJR) (S.D.N.Y.).

[7] *Fernandez v. 1-800-FLOWERS.COM, Inc.,* 24-CV-9223 (MKV) (S.D.N.Y.).

[8] *Fernandez v. Llardo USA, Inc.,* 24-CV-9219 (JMF) (VF) (S.D.N.Y.); *Fernandez v. Tasty Ribbon, LLC,* 24-CV-9184 (ER) (S.D.N.Y.).

[9] *Fernandez v. Endura Int'l, Inc.,* 24-CV-9221 (RA) (S.D.N.Y.).

[10] *Fernandez v. 4Patriots, LLC,* 24-CV-10024 (DEH) (RFT) (S.D.N.Y.).

and then provides a cursory description of why she wanted the item in question. The complaints often cite similar, if not identical, website barriers. Plaintiff then avers that once the website is rendered ADA-compliant she will return to shop.

The Court also takes note that counsel in this case has filed hundreds of substantially similar complaints. As another judge in this District observed when ordering jurisdictional discovery in an ADA-website case involving Plaintiff's counsel, "it is not lost on the Court that other plaintiffs represented by the law firm that Fernandez retained have allegedly engaged in similarly abnormal purchasing practices, filing complaints relying on substantially the same template that Fernandez uses." *Buffalo Jackson Trading Co.*, 2025 WL 1101478, at *4. The opinion included a comprehensive table of all such cases at Appendix A. *Id.*, app. A.

Plaintiff counters that the volume of filings is a symptom of the breadth of discrimination against the blind and does not suggest bad faith. ECF No. 16 at 8-10. It may well be that Plaintiff in this case sincerely desired to buy all of these products during the time period in question, encountered the exact same barriers on all of these websites, and has in good faith brought this action to obtain injunctive relief. However, the unresolved contradictions in the complaint, Plaintiff's failure to explain her unusual shopping patterns, and the "copy-and-paste" nature of the various complaints are sufficient to give the Court pause.

It is incumbent upon the Court to "satisfy itself that [subject-matter] jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000). If there is doubt as to whether Plaintiff's injury and professed intent to return are

12

genuine, "this doubt should be resolved by the court before proceeding further." *Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 72 (2d Cir. 2011).

The Court "has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction," including by ordering jurisdictional discovery. *Buffalo Jackson Trading Co.*, 2025 WL 1101478 at *2 (citation omitted); *see also Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 81 (S.D.N.Y. 2022) ("If a plaintiff's Article III standing is in issue at the pleading stage, a Court may allow limited discovery on the jurisdictional issue." (cleaned up)).  Therefore, the Court orders jurisdictional discovery as to Plaintiff's alleged injury-in-fact and her genuine intent to complete that purchase.  After the completion of that discovery, the Court will hold an evidentiary hearing to make findings relevant to standing.

## CONCLUSION

Accordingly, the Court will order jurisdictional discovery pertaining to whether Fernandez suffered an injury-in-fact in connection with her alleged attempts to purchase a Cuddle Clone and whether she has a genuine intent to return to the company's website in the future to complete a purchase.  The deadline to complete this jurisdictional discovery is March 10, 2026.  On or before March 17, 2026, the parties shall file a Joint Pre-Hearing Order that sets out the parties' respective positions, summarizes the evidence to be presented at the evidentiary

13

hearing, and lists the witnesses each side expects to call and the exhibits each side intends to rely on.

    SO ORDERED.

Dated:  February 12, 2026
      New York, New York

                                    JEANNETTE A. VARGAS
                                United States District Judge